1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT
9                       EASTERN DISTRICT OF CALIFORNIA
10
11   RICKY TYRONE FOSTER,                    1:06-cv-00819-AWI-SMS-P
12                  Plaintiff,              **ORDER DIRECTING PLAINTIFF TO
                                            SHOW CAUSE WHY THIS ACTION IS
13   vs.                                    NOT MOOT**
14   FRESNO COUNTY DISTRICT
     ATTORNEY'S OFFICE, et al.,
15
                    Defendants.
16   _____/
17
        Ricky Tyrone Foster ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff sues various individuals for their failure to disclose information, and Plaintiff requests an injunction requiring Defendants to provide Plaintiff with materials Plaintiff believes would have assisted him in his criminal action. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

   On July 18, 2006, the Magistrate Judge filed Findings and Recommendations that recommended the complaint be dismissed

1

because the complaint challenged the legality of Plaintiff's custody and no civil rights action was available until Plaintiff's conviction was invalidated on habeas corpus review. The Findings and Recommendations were served on Plaintiff and contained notice that any objections to the Findings and Recommendations were to be filed within twenty (20) days. On August 8, 2006, Plaintiff filed objections to the Magistrate Judge's Findings and Recommendations.[1]

In his objections, Plaintiff contends the Magistrate Judge erred in recommencing the sua sponte dismissal of this civil rights action. In this action, Plaintiff seeks to compel defendants to provide him with, or account for, various evidence pertaining to his state conviction. Based on recent case authority, Plaintiff may have a cause of action to seek such information.

Pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), this court must dismiss an action that would necessarily imply the invalidity of Plaintiff's state court conviction. See Heck, 512 U.S. at 487. However, recently the Ninth Circuit found that Heck does not preclude a Section 1983 action seeking to compel the state to release certain evidence. The Ninth Circuit reasoned that success would only yield access to evidence, which, in and of itself, "would not necessarily demonstrate the invalidity of confinement...." Osborne v. District Attorney's Office for the Third Judicial District, 423 F.3d 1050, 1054 (9th Cir.2005) (quoting Wilkinson v. Dotson, 544 U.S. 74 (2005)).

---

[1] On September 17, 2006, an Order of Recusal issued transferring this case from Oliver W. Wanger to the undersigned. (Court Doc. 19.)

2

1  Because Plaintiff seeks only the release, or accounting, of
2  potentially exculpatory evidence, success on the merits may not
3  necessarily imply the invalidity of his conviction.
4      Accordingly, this action cannot be dismissed at this stage
5  under Heck.  However, a review of the docket and other filings
6  in this court indicates that this action may have been moot.
7  The court takes judicial notice of Foster v. Garcia, CV F 99-5748
8  OWW DLB HC.  See Fed. R. Evid. 201(b)(court may take notice of
9  facts that are capable of accurate and ready determination by
10 resort to sources whose accuracy cannot reasonably be
11 questioned); Mullis v. United States Bank. Ct., 828 F.2d 1385,
12 1388 n.9 (9th Cir. 1987); (court may take judicial notice of
13 court records).  Foster v. Garcia is a federal habeas corpus
14 petition that Plaintiff has brought pursuant to 28 U.S.C. § 2254.
15  A review of the docket in Foster v. Garcia reveals that
16 Plaintiff has obtained significant discovery in that case.  It
17 appears the discovery Plaintiff has received or will soon receive
18 in Foster v. Garcia is duplicative of the records Plaintiff seeks
19 in this action.  As such, this action, in which Plaintiff seeks
20 to obtain records, appears moot.
21     Accordingly, Plaintiff IS HEREBY ORDERED TO SHOW CAUSE
22 within thirty days of this order's date of service why this
23 action should not be dismissed as moot.  Plaintiff is FOREWARNED
24 that failure to comply with this order will result in this
25 action's dismissal.
26 IT IS SO ORDERED.
27 **Dated:  October 17, 2006**          **/s/ Anthony W. Ishii**
   0m8i78                                UNITED STATES DISTRICT JUDGE
28

3